**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ADR PRODUCTS LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:25-cv-9071 |
| | JURY DEMAND |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| *Defendants*. | |

## <u>ORIGINAL COMPLAINT</u>

Plaintiff ADR Products LLC ("Plaintiff" or "ADR") hereby brings this patent infringement action against the Partnerships and Unincorporated Associations identified in Schedule A (collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1.      ADR files this action to combat foreign patent infringers who trade upon ADR's patented inventions, reputation, and goodwill by selling and/or offering for sale unlicensed products, namely the indoor dryer vents shown in Exhibit 1 ("Infringing Products"). The Defendants operate several Amazon storefronts ("Defendant Amazon Stores") designed to appear to be selling genuine products, while actually selling Infringing Products to unbeknownst consumers. The Defendant Amazon Stores share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the Infringing Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and

the full scope and interworking of their operation. ADR is forced to file this action to combat Defendants' ongoing infringement of ADR's patents, as well as to protect innocent consumers from purchasing Infringing Products on Amazon. ADR has been and continues to be irreparably damaged as a result of Defendants' actions from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented inventions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3.     This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Defendant Amazon Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating the Defendant Amazon Stores through which Illinois residents can and likely do purchase Infringing Products. Defendants target sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell Infringing Products to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused ADR substantial injury in the State of Illinois.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are believed to be related Chinese entities.

2

**THE PARTIES**

5.      ADR is a limited liability company formed under the laws of Ohio with a principal place of business at 1350 Chester Industrial Pkwy, Avon, Ohio 44011.

6.      Upon information and belief, Defendants are Amazon storefronts operating from China. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the Defendant Amazon Stores.

**BACKGROUND**

7.      ADR sells indoor dryer vents and components thereof, including by and through Amazon under the store name "BetterVent®" (ASIN: B00Q4X2FSM).

8.      ADR is the named applicant and assignee of a utility patent ("Utility Patent") and a design patent ("Design Patent"), both directed to indoor dryer vents (collectively, "Asserted Patents"). The Asserted Patents are attached hereto as Exhibits 2 and 3.

9.      The Utility Patent was duly issued on October 25, 2022. Other details of the Utility Patent may be found in Exhibit 1.

10.     The Design Patent was duly issued on January 4, 2022. Other details of the Utility Patent may be found in Exhibit 2.

11.     ADR sells indoor dryer vents and components thereof, including by and through Amazon under the store name "BetterVent®" (ASIN: B00Q4X2FSM) and through its own website, https://adr-products.com/ (Product Number: ADR1BVC).

12.     The ADR indoor dryer vent is made for electric dryers and is proudly a "Made in USA" product. The ADR indoor dryer vent does not use water, is easy to clean and maintain, and filters an electric dryer exhaust free of lint dust with a double filter system. The ADR indoor dryer vent protects indoor air quality and saves energy.

3

13.     ADR is in full compliance with the virtual patent marking provisions of the America Invents Act, 35 U.S.C. § 287(a).

14.     ADR has not granted a license or any other form of permission to Defendants to practice the Design Patent.

15.     On information and belief, Defendants are under common control of one entity or individual. They are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Asserted Patents in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same Infringing Products with minor variations as well as similar product images and descriptions, as shown in Exhibit 1. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for ADR to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, ADR will take appropriate steps to amend the Complaint.

16.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Amazon Stores. On information and belief, Defendants regularly create new Amazon storefronts to allocate potential liability. Such Defendant Amazon Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

17.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Amazon Stores. The Defendant Amazon Stores include notable common features beyond selling the exact same infringing product, including the

same product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

18.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by United States Customs and Border Protection.

19.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of ADR's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

20.     Defendants, without any authorization or license from ADR, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Asserted Patents, and continue to do so via the Defendant Amazon Stores. Each Defendant Amazon Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

21. Defendants' infringement of the Asserted Patents in the offering to sell, selling, or importing of the Infringing Products is willful.

22. Defendants' infringement of the Asserted Patents in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Illinois, is irreparably harming ADR.

## COUNT I: DESIGN PATENT INFRINGEMENT
### (35 U.S.C. § 271)

23. ADR hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Design Patent, as exemplified below and in Exhibit 4:

| Claimed Design | Exemplary Basis of Infringement |
|---|---|
|  | |

25. Defendants have infringed the Design Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused ADR

to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.  ADR is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26.     Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Design Patent, ADR will continue to be irreparably harmed.

27.     ADR is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. ADR is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT II: UTILITY PATENT INFRINGEMENT
### (35 U.S.C. § 271)

28.     ADR hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29.     Defendants offer for sale, sell, and/or import into the United States the Infringing Products which infringe one or more claims of the Utility Patent, either literally and/or under the doctrine of equivalents.

30.      For example, the Infringing Products meet each and every limitation of at least Claim 1 of the Utility Patent. An exemplary infringement chart is attached as Exhibit 5.

31.     Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court.

## PRAYER FOR RELIEF

WHEREFORE, ADR prays for a judgment against Defendants as follows:

1)      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.      offering for sale, selling, and importing any products not authorized by ADR that embody or practice any reproduction, copy or colorable imitation of the Asserted Patents;

   b.      aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Patents; and

   c.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)      Entry of an Order that, upon ADR's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, TEMU, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, TEMU search engines such as Google, Bing and Yahoo (collectively, "Third Party Providers") shall:

   a.      disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Asserted Patents;

   b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Asserted Patents; and

c.      take all steps necessary to prevent links to the Defendant Online Stores from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index;

3)      That ADR be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate ADR for infringement of the Asserted Patents, including and not limited to all of the profits realized by Defendants from Defendants' infringement of the Asserted Patent and a reasonable royalty;

4)      That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

5)      That ADR be awarded its reasonable attorneys' fees and costs; and

6)      Any and all other relief that this Court deems just and proper.

DATED: July 31, 2025

Respectfully submitted,

*/s/ Nicholas Najera*

Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 325-2220
Fax: (972) 314-0900

*Counsel for ADR*